# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OKLAHOMA DEPARTMENT OF SECURITIES *ex rel.* IRVING L. FAUGHT, Administrator, | ) ) ) | |
| Plaintiff/Appellee, | ) ) | No. CIV-09-185-D |
| vs. | ) ) ) ) ) | APPEAL FROM UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF |
| ROBERT WILLIAM MATHEWS, | ) ) | OKLAHOMA: CASE NO. BK-07-10108-BH; |
| Defendant/Appellant. | ) ) | ADVERSARY NO. 07-1140-BH |

## ORDER

Defendant/Appellant Robert William Mathews ("Appellant") brings this action to appeal an order of the United States Bankruptcy Court for the Western District of Oklahoma (the "Bankruptcy Court") granting judgment against the Appellant in an adversary proceeding brought in Appellant's Chapter 7 bankruptcy action. In the adversary proceeding, the Bankruptcy Court granted the summary judgment motion of Plaintiff/Appellee the Oklahoma Department of Securities, *ex rel.* Irving L. Faught, Administrator ("Appellee") on Appellee's claim that a debt resulting from an Oklahoma state court judgment against Appellant was not dischargeable in his Chapter 7 bankruptcy action.

Background:

According to the Bankruptcy Order, the undisputed facts reflect that Appellant and others were investors in a securities fraud scheme, described as a Ponzi scheme and a check exchange scheme, operated by Marsha Schubert of Crescent, Oklahoma. Schubert defrauded investors of

more than $9 million.[1] Pursuant to the Ponzi scheme, instead of investing participants' funds in legitimate investments, Schubert would utilize those funds to pay purported profits to other individuals. Absent the improper use of investor funds, the latter individuals would not have received a profit. In the check exchange scheme, Schubert utilized other individuals' checking accounts to "float" payments to investors as the investors' purported profits. Appellant was among the investors who received payment in the form of purported profits, but consisting of funds belonging to other individuals. He received funds estimated to be in excess of $500,000.

Appellee brought a state court action pursuant to the Oklahoma Uniform Securities Act, Okla. Stat. tit. 71 § 1-101 *et. seq.,* alleging Appellant and others were liable for unjust enrichment as a result of the funds they received from Schubert. It sought a judgment requiring Appellant to disgorge the profits he allegedly received from the securities scheme. Appellee moved for summary judgment on its unjust enrichment theory, arguing that Appellant should be directed to disgorge any profit he received as a result of the scheme.

The District Court of Oklahoma County ruled in favor of Appellee and against the Appellant and other investors, holding that they were liable on the unjust enrichment theory. Its judgment required Appellant and other investors to disgorge and repay the funds. That decision was appealed, and the Oklahoma Court of Civil Appeals ("Court of Appeals") affirmed the judgment of the state court. A copy of the appellate opinion is included in the instant record on appeal. After the state court entered judgment, Appellant filed a Chapter 7 bankruptcy action; among the debts he sought to discharge in bankruptcy is the state court judgment requiring him to disgorge the profits he received from Schubert.

---

[1] Schubert was convicted of both state and federal crimes based on her fraudulent scheme.

Appellee brought the underlying adversary proceeding, seeking a determination that the state court judgment against Appellant is not dischargeable in bankruptcy because the debt is governed by the exception to discharge set forth at 11 U. S. C. § 523(a)(19). It filed a motion for summary judgment on that issue, and the Bankruptcy Court granted the motion. In doing so, it held that the state court judgment requiring disgorgement of profits gained from a violation of the Oklahoma securities laws, as interpreted by the state court and Court of Appeals, satisfied the requirements of the § 523(a)(19) exception.

Appellant argues the Bankruptcy Court erred because § 523(a)(19) is limited to judgments resulting from the debtor's direct violation of the state securities law, and the Appellant did not directly violate the Oklahoma securities law. Furthermore, Appellant argues, the Bankruptcy Court ignored numerous factual disputes which preclude summary judgment. Appellee contends the Bankruptcy Court correctly interpreted the law; it also notes that the only facts relevant to its determination were found to be undisputed. Thus, any factual disputes that may have been asserted do not preclude a finding on the ultimate issue that the debt was not dischargeable in bankruptcy.

Standard of review:

The legal conclusions or determinations of a bankruptcy court are subject to *de novo* review on appeal to a federal district court. *In re Albrecht,* 233 F. 3d 1258, 1260 (10th Cir. 2000); *In re Herd*, 840 F.2d 757 (10th Cir. 1988). Factual findings are reviewed for clear error, and will be adopted unless clear error is found. *In re Garrett*, 64 F. App'x 739, 740 (10th Cir. 2003)(unpublished opinion) (citing *Turner v. FDIC*, 18 F. 3d 865, 868 (10th Cir. 1994)). Whether a debt is dischargeable under 11 U. S. C. § 523 is a question of law subject to *de novo* review. *In re Troff,* 488 F. 3d 1237, 1239 (10th Cir. 2007).

Analysis:

Although the Bankruptcy Code provides for the discharge of the debtor's debts, certain debts are determined by statute to be excepted from discharge. 11 U. S. C. § 523. In this case, the parties agree that the only exception applicable to the facts is set forth at 11 U. S. C. § 523(a)(19), which provides an exception to discharge of a debt:

> (19) that–
>   (A) is for–
>
> (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
> (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
>
> (B) results, before, on, or after the date on which the petition was filed, from –
>
> (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
>
> (ii) any settlement agreement entered into by the debtor; or
>
> (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

11 U. S. C. § 523(a)(19). In its Order, the Bankruptcy Court noted the § 523(a)(19) provisions applicable to this case involve two elements which must be established: 1) a debt that is for a violation of state securities laws; and (2) the debt results from a judgment or order in a federal or state judicial proceeding. Bankruptcy Order at p. 5; *In re Civiello*, 348 B. R. 459, 464 (Bankr. E. D. Ohio 2006).

In this case, Appellant does not argue the state court judgment fails to qualify as a judgment for purposes of § 523(a)(19). Because the decision is a judgment within the meaning of the statute,

that element of § 523(a)(19) is clearly satisfied. Appellant's arguments focus instead on the initial element of the exception, as he contends the debt did not result from his violation of state securities laws. He contends that, as an investor in the Ponzi scheme, he did not violate state law; instead, he asserts that he and the other investors are victims of a violation of state securities law by Schubert.

Appellant's arguments regarding the application of Oklahoma securities law to his status as an investor were, however, considered and rejected by the state court. The state court rejected Appellant's arguments that he was an innocent victim of the Ponzi scheme; its decision applying Oklahoma securities law was affirmed by the Court of Appeals, which held the "defense of being 'innocent victims' has no merit under the facts here. Appellants are in possession of funds which, in equity and good conscience, belong to other investors." Court of Appeals Opinion, ¶ 13.[2]

In its Order, the Bankruptcy Court noted that the Court of Appeals opinion concluded the Oklahoma Securities Act authorizes the disgorgement of funds received by investors who "directly and pecuniarily benefitted" from the violation of the Act by a third party. Thus, the Bankruptcy Court concluded that the judgment against Appellant and others was made pursuant to Oklahoma securities law, and further noted the Court of Appeals' conclusion that such law does not require wrongful intent, rejecting Appellant's contention that he could not have violated the law because he was an innocent victim of the Ponzi scheme. Order, at p. 6.

Because the underlying judgment which created the debt at issue involves only Oklahoma law, the Bankruptcy Court correctly found that this case is controlled by the application of Oklahoma securities law, as "[s]ection 523(a)(19) discharge exceptions are often defined by law

---

[2]To the extent Appellant also argues that the Bankruptcy Court erroneously failed to consider factual disputes regarding his status, the Court disagrees. The Bankruptcy Court correctly focused on the only facts relevant to its decision regarding the applicability of §523(a)(19).

external to the Bankruptcy Code." *In re Lichtman*, 388 B. R. 396, 409 (Bankr. M. D. Fla. 2006). The Bankruptcy Court clearly did not err in relying on the Court of Appeals' interpretation of Oklahoma securities law as extending to Appellant and authorizing his disgorgement of profits obtained through a violation of the securities law by Schubert. The Bankruptcy Court concluded that the Court of Appeals interpretation of Oklahoma law as extending to Appellant was sufficient to satisfy the § 523 (a)(19) element of a debt resulting from a violation of state securities law, and this Court agrees.

Appellant further argues, however, that § 523(a)(19) cannot apply to the resulting judgment and debt because it did not result from <u>his</u> "violation" of state securities law.

Although Appellant discusses at some length the definition of a "violation" and presents authority addressing exceptions to the discharge of a debt in bankruptcy, he offers no authority holding that § 523(a)(19) applies only to a debtor who has been determined to have personally violated state or federal securities law. He correctly notes, however, that "'exceptions to discharge are to be narrowly construed, and because of the fresh start objective of bankruptcy, doubt is to be resolved in the debtor's favor.'" *In re Millikan*, 188 F.App'x 699, 701 (10th Cir. 2006) (unpublished opinion) (quoting *Bellco First Fed. Credit Union v. Kaspar*, 125 F. 3d 1358, 1361 (10th Cir. 1997)).

Notwithstanding the general narrow application of the statutory exceptions to discharge, however, the § 523(a)(19) exception has an express purpose and is broadly construed to achieve that purpose. The exception is designed to be broadly applied because the purpose of that exception is to protect investors and hold accountable those who violate securities laws. *In re Civiello*, 348 B. R. at 463. As Appellee points out, § 523(a)(19) does not expressly state that the exception is limited to the debtor's personal violation of such laws. Moreover, other subsections of § 523 include

6

language indicating that discharge is limited where certain actions have been taken "by the debtor." Certainly, Congress could have included similar language in § 523(a)(19), but chose not to do so. Further, as Appellee also points out, § 523(a)(19) specifically includes a "disgorgement" order as among the judgment debts which are excepted from discharge under its terms. The statute provides that it extends to "any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, <u>disgorgement payment</u>, attorney fee, cost, or other payment <u>owed by the debtor</u>. § 523(a)(19)(B)(iii) (emphasis added). The statute does not expressly state that the payment owed must result from the direct violation of the state law by the debtor, so long as it is <u>owed</u> by the debtor.

In this case, the Court of Appeals held that, under Oklahoma law, a judgment requiring disgorgement of profits gained from a violation of Oklahoma securities laws is not limited only to the individual who actually violated those laws. Instead, disgorgement extends to those who profited or benefitted from the violation by another person. Applying that interpretation of the Oklahoma law underlying the state judgment entered against Appellant, the Bankruptcy Court implicitly found that § 523(a)(19) is not limited to a debtor who has directly violated a state securities law. In extending the statute to Appellant, the Bankruptcy Court applied the Oklahoma Court of Appeals decision; that decision held that Appellant and others who pecuniarily benefitted from a violation of Oklahoma securities law may be directed to disgorge the profits representing that benefit.

Appellant's arguments do not convince the Court that the Bankruptcy Court erred in its application of Oklahoma law underlying the judgment and debt which Appellant seeks to have discharged in his bankruptcy. The Bankruptcy Court did not err in holding that the Appellee

satisfied its burden of proving that, under the exception set forth in § 523(a)(19), the debt involved here is not dischargeable in bankruptcy. Accordingly, the decision should be, and is, AFFIRMED.

Conclusion:

For the foregoing reasons, the decision of the Bankruptcy Court granting summary judgment in favor of Appellee and against the Appellant is AFFIRMED.

IT IS SO ORDERED this ___10th___ day of February, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE